IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WANDA ALLEN, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE SCHOOL REFORM | : | |
| COMMISSION, et al. | : | NO. 15-6105 |

### MEMORANDUM

**Padova, J.**                                                                                     February 2, 2017

Plaintiffs brought this putative class action against the School Reform Commission ("SRC") and the School District of Philadelphia[1] after they were laid off from their positions as Assistant Principals. They assert a single claim pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 623. Defendants move to dismiss Plaintiffs' Second Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we grant Defendants' Motion in part and deny it in part.

### I.     BACKGROUND

The Second Amended Complaint ("Amended Complaint") alleges the following facts. Plaintiffs Wanda Allen, John Reese, Kim Rodgers, and William Swain are former Assistant Principals in the School District of Philadelphia. (Am. Compl. ¶¶ 6-9.) The SRC is the corporate body organized under Pennsylvania law to govern the School District of Philadelphia. (Id. ¶ 11.) The SRC and School District laid off nearly 4,000 employees in 2013, including all of the District's assistant principals. (Id. ¶ 15.) None of the Plaintiffs were hired for open administrator positions with the School District. (Id. ¶¶ 28, 33, 36, 38-39.)

---

[1] Plaintiffs also named Dr. William Hite, the Superintendent of the School District of Philadelphia, as a Defendant. By agreement of the parties, he is dismissed as a Defendant in this action. (See infra note 2.)

In contrast, thirteen teachers were internally promoted to Principal positions by the District in 2014 and 2015. (Id. ¶ 42.) Similarly, thirteen out-of-state administrators were hired as Principals in this time period. (Id. ¶ 46.) Without giving specific ages for these administrators, Plaintiffs aver that the majority of teachers and out-of-state administrators hired as Principals were younger than Plaintiffs. (Id. ¶¶ 43, 47.) Plaintiffs further aver, moreover, that Defendants have "systematically promoted assistant principals and principals who are younger than 40 years of age over existing assistant principals who are over the age of 45 years old." (Id. ¶ 54.) Each named plaintiff is over 50 years of age. (Id. ¶¶ 23, 29, 34, 37.)

Defendants move to dismiss the Amended Complaint on the grounds that Plaintiffs have failed to plead sufficient facts to state an ADEA claim under either a disparate-impact or disparate-treatment theory. They further argue, in the alternative, that Plaintiffs have attempted to set forth a mixed motive claim which is not cognizable under the ADEA.[2]

## II.    LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff."

---

[2] Defendants also moved to dismiss any allegations in the Amended Complaint that suggest that Defendants have violated any of Plaintiffs' state or federal constitutional rights and any claims asserted against Dr. Hite in his individual capacity. Plaintiffs do not oppose these aspects of the Motion to Dismiss. (Pls.' Resp. at 13.) Plaintiffs have submitted a proposed Third Amended Complaint removing Dr. Hite as a defendant and deleting all allusions to constitutional violations. For the reasons stated infra, we conclude that such amendment is unnecessary and we deny Plaintiff's request to file a Third Amended Complaint. Rather, we grant the Motion to Dismiss any claims for violation of Plaintiffs' state or federal constitutional rights as uncontested and dismiss with prejudice any state or federal constitutional violations asserted by Plaintiffs.

DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  Legal conclusions, however, receive no deference, as the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'"  Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'"  W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

### III.   DISCUSSION

The ADEA "makes it unlawful for an employer:  (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]"  29 U.S.C. § 623(a).  The protections of the ADEA are "limited to individuals who are at

least 40 years of age." 29 U.S.C. § 631(a). "ADEA claims may proceed under a disparate-impact or disparate-treatment theory. Karlo, et al. v. Pittsburgh Glass Works, LLC, No. 15-3435, -- F.3d --, 2017 WL 83385, at *4 (3d Cir. Jan. 10, 2017) (citing Smith v. City of Jackson, Mississippi, 544 U.S. 228, 231-32 (2005)). "Disparate treatment is governed by § 623(a)(1); disparate impact is governed by § 623(a)(2)." Id. (citations omitted).

    A.    Disparate-Impact

"[D]isparate-impact claims do not require proof of discriminatory intent.'" Id. Rather "[d]isparate impact redresses policies that are 'fair in form, but discriminatory in operation.'" Id. (quoting Griggs v. Duke Power Co., 401 U.S. 424, 431 (1971)). Consequently, "disparate-impact claims 'usually focus[ ] on statistical disparities. . . .'" Id. (alterations in original) (quoting Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 987 (1988)). To state a prima facie case of age discrimination in violation of the ADEA under the disparate-impact theory, a complaint must "(1) identify a specific, facially neutral policy, and (2) proffer statistical evidence that the policy caused a significant age-based disparity." Id. (citation omitted). "Once a plaintiff establishes a prima facie case, an employer can defend by arguing that the challenged practice was based on 'reasonable factors other than age' — commonly referred to as the 'RFOA' defense." Id. (quoting 29 U.S.C. § 623(f)(1); 29 C.F.R. § 1625.7.) While plaintiffs "must ultimately demonstrate a significant disparity, the burden a plaintiff must meet to survive a motion to dismiss is much less onerous." United States v. Pennsylvania, 110 F. Supp. 3d 544, 553 (M.D. Pa. 2015) (citing Powell v. Ridge, 189 F.3d 387, 394 (3d Cir. 1999)). Instead, at the motion to dismiss stage, plaintiffs "need only plead that a facially neutral employment practice's adverse effects fall disproportionately on a [protected group]." Id.

Defendants argue that the Amended Complaint fails to state a facially plausible claim for age discrimination under a disparate-impact theory because it fails to identify a specific "facially neutral" employment practice used by the school district that disparately impacts older workers. Defendants are correct that the Amended Complaint does not identify a facially neutral employment practice utilized by the School District that has allegedly disparately impacted older workers. In fact, the only allegation in the Amended Complaint specifically addressing the School District's practices alleges that the School District "has systematically promoted assistant principals and principals who are younger than 40 years of age over existing assistant principals who are over the age of 45 years old." (Am. Compl. ¶ 54.) This alleged policy is facially discriminatory, not facially neutral. We conclude that the Amended Complaint fails to state a plausible claim for age discrimination in violation of the ADEA under a disparate-impact theory. We therefore grant Defendants' Motion to dismiss the Amended Complaint insofar as it purports to state a claim for age discrimination pursuant to a disparate-impact theory.

B.   Disparate-Treatment

Disparate-treatment claims, unlike disparate-impact claims, require evidence of discriminatory intent. "In a disparate treatment case, the trier of fact asks not whether the employer's otherwise nondiscriminatory policy has some adverse effect on members of the protected class, but rather, 'is the employer . . . treating some people less favorably than others because of their [age].'" DiBiase v. SmithKline Beecham Corp., 48 F.3d 719, 726 (3d Cir. 1995) (alteration in original) (quoting U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983)). In the absence of direct evidence of discrimination, we apply the McDonnell Douglas burden shifting analysis to a claim of age discrimination brought under a disparate-treatment theory. Sarullo v. U.S. Postal Service, 352 F.3d 789, 797 (3d Cir. 2003).

"Under that framework, the plaintiff bears the initial burden of establishing a prima facie claim of employment discrimination . . . ." Greene v. V.I. Water & Power Auth., 557 F. App'x 189, 195 (3d Cir. 2014) (citing Sarullo, 352 F.3d at 797). "[T]he burden [then] shifts to the employer to 'articulate some legitimate, nondiscriminatory reason for the'" adverse employment action. Sarullo, 352 F.3d at 797 (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). "The plaintiff must then establish by a preponderance of the evidence that the employer's proffered reasons were merely a pretext for discrimination . . . ." Id. (citing Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); and McDonnell Douglas, 411 U.S. at 804). A complaint asserting a prima facie case of employment discrimination in violation of the ADEA must allege facts that, if true, establish the following elements: "(1) [the plaintiff] is over forty, (2) is qualified for the position in question, (3) suffered from an adverse employment decision, and (4) that his or her replacement was sufficiently younger to permit a reasonable inference of age discrimination." Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 370 (3d Cir. 2004) (citing Duffy v. Paper Magic Group, Inc., 265 F.3d 163, 167 (3d Cir. 2001)); see also Smith v. City of Allentown, 589 F.3d 684, 689-90 (3d Cir. 2009) (citing Potence, 356 F.3d at 370).

Defendants argue that the Amended Complaint fails to state a facially plausible claim for age discrimination under a disparate-treatment theory because the Amended Complaint fails to allege facts that would establish the fourth element of a prima facie case of age discrimination, namely that the School District failed to hire Plaintiffs for assistant principal or principal positions under circumstances that would give rise to an inference of age discrimination. The Amended Complaint alleges that Plaintiffs are all over 50 years old and that Defendants hired younger, less qualified individuals for Assistant Principal and Principal positions rather than

hiring Plaintiffs for those positions.  (Am. Compl. ¶¶ 23, 29, 34, 37, 42-50, 52.)  The Amended Complaint also specifically alleges that Defendants "promoted assistant principals and principals who are younger than 40 years of age over existing assistant principals who are over the age of 45 years old" and that Defendants laid off the Plaintiffs "and replaced them with inexperienced and less qualified individuals under 40 years of age."  (Am. Compl. ¶¶ 54, 56.)  We conclude that the Amended Complaint states sufficient facts to state the fourth element of a prima facie case of age discrimination in violation of the ADEA under a disparate-treatment theory.  We therefore deny Defendants' Motion to dismiss the Amended Complaint insofar as it states a claim for age discrimination pursuant to a disparate-treatment theory.

      C.     <u>Mixed Motive</u>

Defendants finally argue that Plaintiffs have attempted to improperly plead their age discrimination claim pursuant to a mixed motive theory.  A plaintiff who claims to have been discriminated against in violation of Title VII, and who has direct evidence of such discrimination, may bring his or her claim pursuant to "the mixed-motive theory set forth in <u>Price-Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989), under which a plaintiff may show that an employment decision was made based on both legitimate and illegitimate reasons."  <u>Makky v. Chertoff</u>, 541 F.3d 205, 213 (3d Cir. 2008).  However, the ADEA does not authorize mixed motive age discrimination claims.  <u>Gross v. FBL Financial Services, Inc.</u>, 557 U.S. 167, 175-78 (2009).  Instead, plaintiffs "must prove that age was the 'but-for' cause of the employer's adverse decision."  <u>Id.</u> at 176 (citing <u>Bridge v. Phoenix Bond & Indemnity Co.</u>, 553 U.S. 639, 654 (2008) (additional citations omitted)).

Defendants argue that the Amended Complaint should be dismissed because it fails to allege that age is the "but-for" cause of Defendants' adverse employment actions.  Specifically,

7

Defendants argue that the Amended Complaint alleges that Defendants were motivated by a desire to save costs by eliminating older administrators, rather than by a desire to eliminate older employees solely on the basis of their ages. (See Am. Compl. ¶ 22 (alleging that the District's personnel strategy "aimed at reducing costs by eliminating older administrators").) However, we decline to dismiss the Amended Complaint on this basis at this stage of the litigation. As we described above, the Amended Complaint alleges a facially plausible claim for age discrimination under the disparate-treatment theory by alleging that Defendants hired individuals who were sufficiently younger than Plaintiffs for principal and assistant principal positions, even though Plaintiffs were more experienced and more qualified for those positions that the individuals Defendants hired. These allegations are sufficient to "'raise a reasonable expectation that discovery will reveal evidence of'" "but-for" causation, which is sufficient at the motion to dismiss stage. See Gladden v. Solis, 490 F. App'x 411, 412 (3d Cir. 2012) (stating that "to survive a motion to dismiss, a plaintiff need not establish the elements of a prima facie case; a plaintiff merely must 'put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element'" (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009)). We conclude that the Amended Complaint pleads sufficient facts to state a facially plausible claim that age was the "but-for" cause of the Defendants' decision to hire younger individuals as administrators. We therefore deny Defendants' Motion to dismiss the Amended Complaint on the ground that it impermissibly alleges an age discrimination claim pursuant to a mixed motive theory.

## IV.   CONCLUSION

For the foregoing reasons, we grant defendants' Motion to Dismiss Plaintiffs' Amended Complaint to the extent that the Amended Complaint purports to allege a claim of age

discrimination in violation of the ADEA under a disparate-impact theory. By agreement of the parties we also dismiss Dr. William Hite as a Defendant in this action and dismiss any claims for violation of Plaintiff's state or federal constitutional rights. We deny Defendants' Motion to Dismiss with respect to Defendants other arguments. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.